UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNN DICKE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CANYON COUNTY,<br><br>　　　　Defendant. | Case No. 1:22-cv-00368-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Lynn Dicke's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Dicke's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Dicke's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court will DENY Dicke's application to proceed in forma pauperis. After review of the Complaint, the Court must also DISMISS the case without prejudice. The Court will allow Dicke an opportunity to remedy the shortcomings of her Complaint.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

INITIAL REVIEW ORDER - 1

defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with the necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

Having examined Dicke's application to proceed in forma pauperis, the Court finds that she has not conclusively established her indigence. She states that her average monthly income during the past 12 months was $1,500, suggesting an annual income of $18,000. Dkt. 1, at 2. Her reported monthly expenses include rent, food, medical expenses, and travel, totaling up to $1,570. *Id.* at 4. Her largest expense is "travel for criminal case . . ." which she reports costs an average of $700 per month. *Id.* at 4. Dicke asserts that she and her husband have $50 in cash between them and $210 in a checking account. *Id.* at 3. According to the application, the couple have no listed assets, and no one owes them money. *Id.* Dicke reports that she cannot afford the filing fee because she has paid $19,000 in attorney's fees defending against the criminal prosecution that gives rise to her Complaint. Dkt. 1, at 5.

Dicke's application shows that she has limited income and significant expenses, but

it does not show that paying a filing fee would deprive her of "the necessities of life."[1] There is logical tension in Dicke's claim that she cannot afford to file a lawsuit here because she has spent a sum greater than her reported annual income on lawyers in a suit elsewhere. If, as Dicke's application states, she typically spends $700 per month on travel for litigation, she could pay the $400 filing fee and still have $300 left for court-related travel. Earlier in 2022, Dicke filed a substantially similar suit with this Court and paid the filing fee. *See Dicke v. Somoza*, No. 1:22-CV-00020-DCN, 2022 WL 742714, (D. Idaho Mar. 11, 2022); *see also Dicke v. Somoza*, No. 22-35247, 2022 WL 2235483 (9th Cir. May 25, 2022) (noting that Dicke paid further filing and docketing fees on appeal, granting Dicke's motion to withdraw a previous motion to proceed in forma pauperis, and dismissing Dicke's appeal as frivolous).

Further, Dicke's instant application lacks particularity, definiteness, and certainty. Much of her application remains blank, including the section forecasting her expected income for the coming month and the section indicating whether she or her husband own a vehicle.[2] Dkt. 1, at 2–3. Dicke did not submit any pay stubs, financial records, or other documentation to corroborate her claims.

Accordingly, Dicke has not sufficiently proven her indigence under 28 U.S.C. § 1915 and must pay the requisite filing fee. As will be explained in the next section, however, the Court must dismiss this case due to Dicke's failure at the present time to

---

[1] Dicke reports that she has no dependents. Dkt. 1, at 5.

[2] Dicke reports that she does not have a *second* vehicle, but does not say whether she has one at all. Dkt. 1, at 3.

INITIAL REVIEW ORDER - 3

allege valid causes of action. The Court will grant Dicke an opportunity to amend her Complaint. If her Amended Complaint succeeds in alleging valid causes of action, Dicke's case will proceed once she has paid the fee. The Court next turns to its initial review of the Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—must articulate their claims clearly and allege facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Here, as far as the Court can tell, Dicke's Complaint involves a 6th Amendment compulsory process claim, a 14th Amendment *Brady* material claim, and a claim that

various witnesses perjured themselves before a grand jury.[3]

### A. Background

Lynn Dicke is the defendant in a criminal case awaiting trial in Canyon County, Idaho, Case No. CR14-19-16748. Dkt. 2–3, at 1. In that case, the State of Idaho has charged Dicke with felony Procurement for Prostitution, felony Harboring Prostitutes, and two counts of misdemeanor Prostitution. On August 24, 2022, Dicke filed the instant case, naming Canyon County as the sole defendant. Dkt. 2, at 1. The only relief she requests is that the Court dismiss her state criminal lawsuit. *Id*. at 4.

To aid her defense in the Canyon County prosecution, Dicke asked the county clerk to subpoena Matt Lowry as a witness on her behalf. Dkt. 2–3, at 1. She claims that Lowry can prove the prosecution "tainted" various witnesses by offering them plea deals in exchange for testimony, and that those witnesses in fact gave false testimony before the grand jury. *Id.* The clerk allegedly signed and stamped a subpoena but refused to issue it. *Id.*

Dicke further alleges that the prosecutor in her case did not respond to a request for material exculpatory information under *Brady v. Maryland*, 373 U.S. 83 (1963). Dkt. 2–3, at 2. To prove that the prosecution's witnesses against her "may lie and perjury [sic] in the face of great interests," Dicke requested the terms of their plea agreements. *Id*. The prosecutor did not respond. *Id.*

Finally, Dicke claims that various witnesses perjured themselves before the grand

---

[3] Dicke, who is not a native English speaker, likely used translation software to draft her filings.

jury. She alleges that the grand jury heard false testimony that Dicke operated the Golden and Swan massage parlors, (Dkt. 2–3, at 3, 5), that she solicited a sexual encounter with a police officer while giving him a massage, (*Id*. at 6), that she told other masseuses that they could "make more money if you offer [sexual acts]," (*id.*) and that another masseuse worked for Dicke while that masseuse was engaged in prostitution (*id.*). In support of her claim, she offers lists of documents, though not the documents themselves, that purport to contradict grand jury testimony (*Id*. at 3) or show that witnesses contradicted themselves (*Id.* at 6).

### B. Compulsory Process

The 6th Amendment right to obtain witnesses through compulsory process and present them in one's defense is a fundamental element of due process of law. *Washington v. Texas*, 388 U.S. 14, 18–19 (1967). However, the mere deprivation of a witness' testimony does not establish a due process violation; a plaintiff must "make some plausible showing of how the testimony would have been both material and favorable to his defense." *United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, (1982).

As pleaded, Dicke's Complaint does not establish a violation of the 6th amendment because Matt Lowry's offered testimony is not material to Dicke's case at this stage. The mere fact that witnesses took a plea deal in exchange for their testimony does not render their testimony per se unreliable. *Hoffa v. United States*, 385 U.S. 293, 297–98, 311–12 (1966); *see also Randolph v. California*, 380 F.3d 1133, 1148 (9th Cir. 2004) (rejecting argument that testimony of witness who received favorable plea bargain violated due process and should have been excluded as inherently unreliable when cross examination

revealed plea bargain and witness' incentive for testifying). Nor does false testimony offered to a grand jury necessarily invalidate a subsequent indictment. *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992), *abrogated on other grounds by Koon v. United States*, 518 U.S. 81, 96–100 (1996) ("Dismissal of the indictment is not appropriate when a witness' alleged perjury is not material to the defendant's indictment and instead affects only the witness' credibility."). Dicke does not specify what facts Lowry will testify to. She does separately allege that grand jury witnesses made inconsistent statements and offers a list of documents that she claims will show that their testimony was incorrect. These claims address the witness' credibility. Because Lowry's testimony, even if true, would not be material to Dicke's case, the fact that he has not yet been subpoenaed does not establish a 6th Amendment violation.

### C.  Brady Material

A prosecutor violates a defendant's due process rights when he withholds evidence that is both favorable to the accused and material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The 9th Circuit has held that, when disclosure would not likely have affected the outcome of a case, a prosecutor's refusal to disclose the terms of a witness' plea deal is not a *Brady* violation. *Randolph v. California,* 380 F.3d 1133, 1149 (9th Cir. 2004).

Here, the Court need not determine whether the specific terms of the grand jury witnesses' plea agreements are material or exculpatory, because Dicke's Complaint does not name her prosecutor as a defendant or explain how the prosecutor's actions could be

attributed to the County. Accordingly, Dicke has not pleaded sufficient facts to establish a claim under *Brady*.

### D. Perjury

Federal courts have limited supervisory power over grand jury proceedings, extending only to preventing violations of those "few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions." *United States v. Williams*, 504 U.S. 36, 112 (1992) (cleaned up). Here, the Court need not consider whether a witness giving incorrect or inconsistent testimony before a state grand jury constitutes a violation of those few, clear rules, because Dicke's Complaint does not name any witnesses as defendants or explain how the witnesses' actions could be attributed to the County.

Finally, even if Dicke's Complaint pled facts sufficient to establish these claims, the Court is unable to grant her requested relief. It can neither dismiss her case in Canyon County nor appropriately enjoin it from proceeding. Under the long-standing *Younger* abstention doctrine, federal courts must abstain from hearing cases that would interfere with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Absent extraordinary circumstances, "abstention in favor of state judicial proceedings is required if the state proceedings are (1) ongoing, (2) implicate important state interest, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (cleaned up). Each of these factors are present in this case. Dicke's criminal case in Canyon County is ongoing. As the Supreme Court discussed in *Younger*, important state interests are at stake where state

criminal proceedings are involved. 401 U.S. at 45–46. Further, Dicke has an adequate opportunity to protect her constitutional rights at her trial in Canyon County. *Id.* at 49. If such rights are violated and she is wrongfully convicted, Dicke can appeal to the Idaho Supreme Court.

For the above reasons, Dicke's Complaint fails to state any claims upon which relief can be granted. As such, Dicke must amend her Complaint to allow this case to proceed. Because Dicke may be able to state a claim upon which relief can be granted, the Court will allow her an opportunity to amend her Complaint.

### IV. CONCLUSION

Dicke's application to proceed in forma pauperis does not establish her indigency, and so the filing fee is not waived. Further, her complaint fails to assert a cause of action, and so is dismissed without prejudice subject to re-filing.

### V. ORDER

1. Dicke's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED as stated herein. The Court will hold in abeyance this part of its order until it has had a chance to review Dicke's Amended Complaint.

2. Dicke's Complaint (Dkt. 2) is deficient as it fails to state any claims upon which relief can be granted. Her Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court grants Dicke leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Dicke must file her Amended complaint within thirty (30) days of the issuance of

this Order. Any Amended Complaint—including all attachments and amendments—shall not exceed thirty (30) pages.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: September 22, 2022

_____
David C. Nye
Chief U.S. District Court Judge