UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LYNN DICKE,<br><br>    Plaintiff,<br><br>v.<br><br>CANYON COUNTY, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00368-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Defendants Canyon County and Bryan Taylor's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 21) and Defendants Judge Vandervelde and Aubrey Adams' Motion to Dismiss Defendants Vandervelde and Adams (Dkt. 26).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Because oral argument would not significantly aid the decisional process, the Court will decide the Motions on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons explained below, the Court will GRANT the Defendants' Motions and DISMISS the case without prejudice. Dicke may file a third amended complaint provided it remedies the issues identified below.

## II. BACKGROUND

Lynn Dicke was the defendant in a criminal case in Canyon County, Idaho, Case No. CR14-19-16748. Dkt. 2–3, at 1. In that case, the State of Idaho charged Dicke with

felony Procurement for Prostitution, felony Harboring Prostitutes, and two counts of misdemeanor Prostitution. On August 24, 2022, Dicke filed the instant case, naming Canyon County as the sole defendant. Dkt. 2, at 1. The only relief she requested was that the Court dismiss her state criminal lawsuit. *Id*. at 4. Dicke filed an amended complaint on September 14, 2022, adding Defendant Vandervelde and the Canyon County Courthouse. Dkt. 4. She asked the Court to vacate her conviction, cancel her sentencing, and "dismiss" the state criminal proceedings. *Id.* at 4.

Dicke applied to proceed in Forma Pauperis, so her Complaint underwent an initial review. Dkt. 6. On September 22, 2022, the Court found that her Complaint failed to state a claim upon which relief could be granted and dismissed it without prejudice. *Id*. On September 29, 2022, Dicke filed a Second Amended Complaint adding Bryan Taylor and Aubrey Adams as defendants. Dkt. 11. Her second complaint sought the same relief as her first. *Id.* at 8.

Defendants Canyon County and Taylor moved to dismiss the second complaint on October 12, 2022 for failure to state a claim. Dkt. 21. Defendants Vandervelde and Adams moved to dismiss on November 1, 2022 for failure to state a claim. Dkt. 26. The matter is now ripe for review.

### III. DISCUSSION

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In considering a Rule 12(b)(6) motion to dismiss, a court must take all allegations of

MEMORANDUM DECISION AND ORDER - 2

material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A Rule 12(b)(6) dismissal "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). A dismissal without leave to amend is improper unless the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

A pro se complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). Particularly in civil rights cases, courts must afford pro se plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Here, Dicke, who comes before the Court pro se, knows what relief she wants, but does not offer a cause of action. In her Second Amended Complaint, she says, "[t]his lawsuit does not request a claim" but she still asks the Court to "vacate [the] conviction [sic] to the [state] criminal case," "[c]ancel[] sentencing hearing on November 2, 2022," and "terminate all legal proceedings under the criminal case . . .." Dkt. 11, at 8. Interpreting Dicke's Second Amended Complaint liberally, the Court recognizes the arguments she makes as analogous to a Sixth Amendment compulsory process claim, a claim that various witnesses perjured themselves while testifying, and a claim that the state trial was generally unfair.

MEMORANDUM DECISION AND ORDER - 3

### A. Compulsory Process

The Sixth Amendment right to obtain witnesses through compulsory process and present them in one's defense is a fundamental element of due process of law. *Washington v. Texas*, 388 U.S. 14, 18–19 (1967). Even so, the mere deprivation of a witness' testimony does not establish a due process violation; a plaintiff must "make some plausible showing of how the testimony would have been both material and favorable to his defense." *United States v. Valenzuela–Bernal*, 458 U.S. 858, 867 (1982).

The Second Amended Complaint repeats allegations from prior filings about Defendant Adams and the file-stamp subpoena. Dkt. 11, at 6. The crux of the issue involves Adams' alleged failure to serve a subpoena on Matt Lowry, a witness Dicke claims can show that witnesses perjured themselves during grand jury proceedings. *Id.*

First, as the Court has already explained, the Complaint does not establish a violation of the Sixth Amendment because Matt Lowry's testimony is not material to Dicke's case at this stage. Dkt. 6, at 5–6. She does not specify what facts Lowry will testify to that are material to her defense. *Id.*

Second, the failure to serve the subpoena did not by itself violate the Sixth Amendment. As indicated by Dicke in her complaint, the clerk "signed the subpoena and stamped [sic] with the court's seal" (Dkt. 11, at 6), which satisfies the requirements under the Idaho Court Criminal Rules.[1] I.C.R. 17(a). Even construing the issue in favor of the

---

[1] Idaho Criminal Rule 17(a) requires that "[a] subpoena must be issued by the clerk of the court or the judge and must command each person to whom it is directed to attend and give testimony at the time and place specified in it. The clerk may issue a subpoena, *signed and sealed*, but otherwise in blank to a party requesting it who must fill in the blanks before it is served." (Emphasis added). Service is addressed separately in subsection (c) of Rule 17.

MEMORANDUM DECISION AND ORDER - 4

non-moving party, Dicke's complaint fails to identify a deficiency in the actions of the clerk that would constitute a constitutional violation. Service of the subpoena is a separate process that Dicke could have pursued through other means.

### B. Perjury

Even if a witness committed perjury at Dicke's trial, this Court would not be the appropriate forum to seek relief. "Federal courts are courts of limited jurisdiction. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994) (cleaned up).

Dicke is asking this Court to enjoin state proceedings. However, "abstention principles prohibit a federal court from considering a pre-conviction habeas petition that seeks preemptively to litigate an affirmative constitutional defense, unless the petitioner can demonstrate that "extraordinary circumstances" warrant federal intervention." *Brown v. Ahern*, 676 F.3d 899, 901 (9th Cir. 2012) (citing *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).

Dicke asserts that various witnesses perjured themselves during trial. Dkt. 11, at 6. She alleges Defendant Taylor used "tainted witnesses" who lied about being forced into prostitution by Dicke and that Taylor bribed the witnesses to testify against Dicke. *Id.* at 3–4. But Dicke fails to provide reasons why this alleged perjury could not be addressed in the state courts, the jurisdiction where it occurred, or why the federal court would have jurisdiction. With a specific statute governing the behavior complained of, the state courts are adequately equipped to consider the complaint. Therefore, enjoining state proceedings

MEMORANDUM DECISION AND ORDER - 5

would be inappropriate. Any disagreements Dicke has with her state court proceedings

must be taken up in that forum, e.g., she could file post-judgment motions or perhaps appeal

to a higher state court. Federal court is not an appropriate forum for these arguments.

## C. The Unfair Trial

A federal district court has no jurisdiction "over challenges to state-court decisions,

in particular cases arising out of judicial proceedings, even if those challenges allege that

the state court's action was unconstitutional." *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 486 (1983). This rule of law is known as the "Rooker–Feldman

doctrine." As the Supreme Court has explained:

> In *Rooker v. Fidelity Trust Co*., the parties defeated in state
> court turned to a Federal District Court for relief. Alleging that
> the adverse state-court judgment was rendered in contravention
> of the Constitution, they asked the federal court to declare it
> null and void. This Court noted preliminarily that the state
> court had acted within its jurisdiction. If the state-court
> decision was wrong, the Court explained that did not make the
> judgment void, but merely left it open to reversal or
> modification in an appropriate and timely appellate
> proceeding. Federal district courts, the *Rooker* Court
> recognized, lacked the requisite appellate authority, for their
> jurisdiction was strictly original.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp*. 544 U.S. 280, 284 (2005) (cleaned up).

In short, the *Rooker–Feldman* doctrine "bars federal courts from exercising subject

matter jurisdiction over a proceeding in which a party losing in state court seeks what in

substance would be appellate review of the state judgment in a United States district court,

based on the losing party's claim that the state judgment itself violates the loser's federal

rights." *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (cleaned up).

Dicke's first allegation about the right to a fair trial involves the prosecutor, Defendant Taylor, "tainting" the witnesses by offering plea deals in exchange for testimony. Dkt. 11, at 2. The mere fact that witnesses took a plea deal in exchange for their testimony does not render their testimony per se unreliable. *Hoffa v. United States*, 385 U.S. 293, 297–98, 311–12 (1966); *see also Randolph v. California*, 380 F.3d 1133, 1148 (9th Cir. 2004) (rejecting argument that testimony of witness who received favorable plea bargain violated due process and should have been excluded as inherently unreliable when cross-examination revealed plea bargain and witness' incentive for testifying). Dicke was given ample opportunity to cross-examine the witnesses and in doing so, could have addressed the plea deals and allowed the jury to weigh the credibility of the witnesses. Thus, Dicke failed to adequately identify the basis on which denial of her right to a fair trial occurred.

Second, Dicke alleges that Defendant Vandervelde denied her due process and the right to a fair trial under the Sixth Amendment because he excluded certain of her evidence at trial and denied her request for grand jury transcripts. Dkt. 16, at 2. Though Dicke may disagree with Defendant Vandervelde's rulings, that disagreement does not mean the rulings were unconstitutional. Dicke simply did not provide the Court with enough information to determine whether there was a potential constitutional violation here.

Defendant Vandervelde is immune from prosecution because he has judicial immunity. Judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the [defendant]." *Paddock v. Dixon*, 2022 WL 3139120, at *6 (D. Idaho Aug. 5, 2022) (cleaned up). The factors

MEMORANDUM DECISION AND ORDER - 7

determining judicial immunity consider whether an act by a judge is "judicial" —that is, "whether is it a function normally performed by a judge"—and the expectation of the parties—"whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 350 (1978). Here, all of the acts by Defendants Vandervelde that Dicke complains about were wholly within the scope of his official role and in the course of his regular duties. Vandervelde is thus immune from prosecution.

Defendant Adams, as the Court Clerk, is entitled to absolute quasi-judicial immunity from damages for civil rights violations when she performs tasks that are vital to the judicial process. *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Defendant Adams signed and stamped the subpoena with the court's seal. Dkt. 11, at 6. This is performing a ministerial duty which is vital to the judicial process. Even if the Defendant had made a mistake, "a mistake does not abrogate judicial immunity, even if it results in 'grave procedural errors'." *Scoyni v. United States Dist. Ct. of Idaho 9th Cir.*, 2019 WL 5587212 (D. Idaho Oct. 29, 2019) (citing *Stump*, 435 U.S. at 359).

Even if Dicke's Second Amended Complaint pleaded facts sufficient to establish these claims, the Court cannot grant her requested relief. Dicke has not amended her complaint to resolve the issue of *Younger* abstention; the same problems exist now as existed when the Court issued its initial review order. Dkt. 6, at 8.

Under the long-standing *Younger* abstention doctrine, federal courts must abstain from hearing cases that would interfere with pending state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Without extraordinary circumstances, "abstention in favor of state judicial proceedings is required if the state proceedings are (1) ongoing, (2)

MEMORANDUM DECISION AND ORDER - 8

implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (cleaned up). Each of these factors is present here. Dicke's criminal case in Canyon County is ongoing. As the Supreme Court discussed in *Younger*, important state interests are at stake where state criminal proceedings are involved. 401 U.S. at 45–46. If Dicke's constitutional rights are violated leading to a wrongful conviction in the state proceeding, she can appeal to the Idaho Supreme Court. This Court can neither vacate the conviction nor cancel sentencing in her state case in Canyon County.

For the above reasons, Dicke's Complaint fails to state any claims upon which relief can be granted against the Defendants.

## IV. CONCLUSION

The Court will GRANT both motions to dismiss. Those claims in the Complaint relating exclusively to Vandervelde and Adams are dismissed with prejudice. As to the remaining defendants, the Complaint is dismissed without prejudice and Dicke may attempt to remedy the issues noted above by filing another amended complaint.

## V. ORDER

1.  Defendants Vandervelde and Adams' Motion to Dismiss (Dkt. 26) is GRANTED. Those claims in the Complaint directed exclusively at them are dismissed WITH PREJUDICE.

2.  Defendants Canyon County and Taylor's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. 21) is GRANTED. As it relates to those defendants, the Complaint is dismissed WITHOUT PREJUDICE.

3.      The Court grants Dicke leave to file an Amended Complaint in substantial

compliance with the Court's analysis above. Dicke must file her Amended

complaint within thirty (30) days of the issuance of this Order. Any

Amended Complaint—including all attachments and amendments—shall

not exceed thirty (30) pages.

3.      Failure to file an Amended Complaint within the ordered timeframe will

result in the full dismissal of this case WITH PREJUDICE and without

further notice.

DATED: March 2, 2023

David C. Nye
Chief U.S. District Court Judge